IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    vs.<br><br>DAVID A. SHOCKLEY,<br><br>      Defendant. | Case No. 12-cr-40103-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant David A. Shockley's motion for a hearing on his claim of exemption from garnishment (Doc. 473).

Shockley pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. On August 15, 2013, the undersigned Judge sentenced Shockley to 180 months imprisonment, five years supervised release, a $100 special assessment, and a $500 fine. In an effort to collect the special assessment and fine, the United States Attorney's Office filed an Application for Writ of Garnishment. The Application asserted that Garnishee Iron Workers St. Louis District Council was believed to be in possession of Shockley's property. The Clerk entered a Writ of Garnishment. Shockley was personally served with these documents on December 2, 2013. The documents informed Shockley that he "must notify the court within 20 days after receipt of the notice" if he wanted a hearing. Doc. 473, p. 2. On February 19, 2014, Shockley filed his motion for hearing indicating on the form that he was claiming an exemption from enforcement and checking the "certain annuity and pension payments" as the basis for his exemption.

The United States may collect the special assessment and fine from a criminal debtor through garnishment as set forth in the Federal Debt Collection Procedures Act.  A criminal judgment "may be enforced against all property or rights to property of the person fined" unless a certain exemption is applicable.  18 U.S.C. § 3613(a).  The debtor may request a hearing within 20 days of receipt of the notice based upon a claim to one of the enumerated exemptions.  28 U.S.C. § 3202(d).

Here, Shockley failed to request a hearing within the 20-day deadline.  As such, the Court **DENIES** his motion for a hearing (Doc. 473).  Even if Shockley had filed his motion within the 20-day timeframe, the Court would have denied the motion.  The pension which the United States seeks to garnish from the Iron Workers St. Louis District Annuity Fund clearly does not fall within the checked exemption which exempts pension payments from the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor Roll, or annuities based on retired or retainer pay under 10 U.S.C. § 73.

**IT IS SO ORDERED.**

**DATED:** March 4, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
