UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID A. SHOCKLEY,<br><br>        Defendants. | Case No. 12-cv-40103-JPG-004 |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant David A. Shockley's motion for resentencing so the Court can make his federal and state sentences run concurrently (Doc. 851). Shockley correctly claims that, in August 2013, this Court sentenced him to 180 months in prison without expressly stating whether the sentence would run concurrently with or consecutive to a not yet imposed state court sentence (Docs. 337 & 343).  When the state court sentenced him, it indicated the 2-year state sentence would run concurrently with Shockley's federal sentence in this case (Doc. 851 at 5).  Shockley now complains that this Court later wrongfully changed his sentence to run consecutively to his state sentence.

It is true that in November 2014, the Bureau of Prisons ("BOP") asked the Court by letter whether, in the absence of any express statement in the written judgment, it intended Shockley's sentence to run concurrently with or consecutively to his state sentence.  In December 2014, the Court responded by letter that it intended the federal sentence to run consecutive to the state sentence.  Indeed, it appears that is how the BOP is calculating Shockley's remaining time to be served.

The Court has no jurisdiction to resentence Shockley now.  Once the Court sentences a defendant, it can only revisit that sentence in limited circumstances, none of which apply here.

*United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009)).  Because Shockley is challenging the BOP's computation of his sentence, that matter is committed in the first instance to the Attorney General, through the BOP, not the sentencing court.  *United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019).  If a prisoner disagrees with the BOP's computation of his sentence, he may seek administrative review and then file a petition under 28 U.S.C. § 2241 in the district of his confinement.  *Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)).  This Court does not have jurisdiction to resentence the defendant now.  *See Walker*, 917 F.3d at 993-94 (citing *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

Accordingly, the Court **DISMISSES** Shockley's motion (Doc. 851) and **DIRECTS** the Clerk of Court to send him a form for filing a case under 28 U.S.C. § 2241, which should assist him in filing a petition in the jurisdiction of his incarceration.

**IT IS SO ORDERED.**
**DATED:  September 7, 2021**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**